IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,722-01






EX PARTE TILON LASHON CARTER








ON NOTICE OF UNTIMELY APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. C-371-008547-0949973-A


IN THE 371ST DISTRICT COURT


TARRANT COUNTY






 Per Curiam. 



O R D E R



 This case is before us because an application for writ of habeas corpus has been
untimely filed pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071. (1)

 On March 19, 2007, the trial court appointed Jack V. Strickland to represent applicant
in a post-conviction writ of habeas corpus under Article 11.071. On April 10, 2008, the State
filed in this Court its brief on applicant's direct appeal. Pursuant to Article 11.071, §§ 4(a)
and 4(b), applicant's application for writ of habeas corpus was due in the convicting court
on or before August 25, 2008. See also Ex parte Reynoso, 257 S.W.3d 715 (Tex. Crim. App.
2008). 

 In late September 2008, it was brought to this Court's attention that counsel filed an
application on applicant's behalf on September 5, 2008, some eleven days after the date it
was due. Pursuant to Article 11.071, § 4A(a), this Court could order counsel to show cause
why he failed to file the application in a timely manner. However, at the same time that he
filed applicant's writ application, counsel filed in the trial court a motion setting out his
reasons for the untimely filing. Instead of duplicating the effort here, this Court will consider
that filing, and the findings issued by the trial court, as counsel's showing of good cause. 

 In the motion filed in the trial court, counsel stated that he had been in the hospital for
four days in July which was followed by a two-week recuperation period. He also noted that
he began a new death penalty trial right after his recuperation period, was in the process of
preparing another death penalty writ application which was due mid-September, was
preparing for trial in another case, and had presented five lectures and papers in the previous
sixty days. Counsel noted that the State was not disadvantaged by the untimely filing, nor
did the State oppose the finding of good cause. The convicting court found these facts to be
true and further found that they sufficiently demonstrated good cause for the untimely filing.

 Because counsel suffered a period of hospitalization and recuperation, and because
the State apparently does not oppose a finding of good cause, we find that applicant has
shown good cause for his failure to timely file an application. We hold that the application
shall be considered timely filed as of September 5, 2008, and the trial court is ordered to
proceed with its review of the application. The timelines set out in Article 11.071, §§ 6-9,
shall start to run as of the day this order is issued. 

 IT IS SO ORDERED THIS THE 28TH DAY OF JANUARY, 2009.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.